## MUTUAL LIFE INSURANCE CO. v. SMITH.

1. Where a promissory note was given for a premium on a policy of life insurance, and the person taking it executed and delivered to the maker a contemporaneous agreement in writing "to renew said note, at the request of [the maker] until three annual payments have been made," it was incumbent upon the maker, in order to obtain under this agreement the right to renew the note in question, to tender or pay in cash the next annual premium upon the policy when the same became due, the contract not contemplating that a promissory note would be accepted for such premium.

2. It appearing from the evidence in the present case that the defendant did not tender or make payment as above indicated, he did not show himself entitled to the privilege of renewing the note sued on; and this being so, he was liable thereon, and a verdict in his favor was not warranted.

August 18, 1896.

Complaint on note.    Before Judge Reese.    Hancock superior court.    August term, 1895.

*Lewis & Moore* and *Alex. & Victor Smith,* for plaintiff.
*James Whitehead,* for defendant.

SIMMONS, Chief Justice.

On February 18, 1893, Smith gave to Hodgson a promissory note for premiums on life insurance for fifteen months, and at the same time took from Hodgson an agreement in writing as follows:

"Having this day sold Mr. James Smith, of Sparta, Ga., $5,000 life insurance in the Mutual Life Insurance Company of New York, for which I have this day taken his note for $347 in payment of the cash premiums payable January 1st, 1894, I hereby agree to renew said note at the request of said Smith until three annual payments have been made, said Smith paying eight per cent. interest on said note after January 1st, 1894.    George T. Hodgson.

"An additional charge of $89, extra premium, is added and included in above mentioned note, making total $435 for fifteen months premiums.    George T. Hodgson."

In pursuance of this agreement, a policy of insurance

in the Mutual Life Insurance Company of New York was delivered to Smith; and on January 1st, 1894, he gave his promissory note for $435, with interest from date at eight per cent., in renewal of the above mentioned note. He failed to pay the second note, and suit thereon was brought against him by the insurance company, the note having been transferred to the company by Hodgson. The defendant pleaded that the note was without consideration, for the reason that Hodgson, as agent of the insurance company, agreed with him at the time of taking the note of which the one sued on was a renewal, that he would not have to pay it when due, but it would be renewed for three annual premiums, defendant only paying the interest; that on January 1, 1895, when the note sued on became due, he was ready and willing to pay the interest and renew the note as agreed upon, but the plaintiff and Hodgson, its agent, refused to allow him to renew the note and keep the contract; and that "he is now ready to pay the interest and renew the note, and offers to do so."

At the trial the defendant introduced in evidence the writing above set out, as containing the agreement between himself and Hodgson, and testified that as a result of this contract a policy of insurance was issued to him, which he retained throughout the period covered by the premiums for which the note was given. He further testified that the company refused to renew the note and receive interest on it, but that no offer to pay anything to the company was made until the end of January, 1895, after the policy had lapsed; and that he did not tender the cash, the reason he did not do so being that "the company refused to take anything but cash for the subsequent years."

Under this state of facts we think a verdict for the defendant was unwarranted. The contract as set out in the writing being that the note was to be renewed at the request of the maker "until three annual payments have been made," it was incumbent upon him, in order to obtain under

this agreement the right to renew the note in question, to tender or pay in cash the next annual premium upon the policy when the same became due. The contract did not contemplate that a promissory note would be accepted for such premium. And as the defendant did not tender or make any payment whatever, he did not show himself entitled to the privilege of renewing the note sued on. There being no further defense than that above stated, the verdict ought to have been for the plaintiff. *Judgment reversed.*